UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

James GB Marr
& Stephanie Marr,

Debtors

Chapter 13
Case No. 24-10097

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

One of the debtors in this chapter 13 case, James GB Marr, is employed by Walmart. The debtors claim an exemption under 14 M.R.S. § 4422(13)(E), seeking to protect shares of Walmart stock that were valued at approximately $1,100 on the petition date. [Dkt. No. 1]. The trustee objects to that claimed exemption. [Dkt. No. 10]. After reviewing the debtors' submissions in reply [Dkt. No. 18, 19] and the arguments presented during a preliminary hearing [Dkt. No. 20], the Court concludes that the stock is not exempt under § 4422(13)(E). The trustee's objection is therefore sustained, and the claimed exemption is disallowed.

The statute cited by the debtors as the basis for exemption of the stock generally applies to a "debtor's right to receive":

> [a] payment or account under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]

14 M.R.S. § 4422(13)(E). The trustee notes that this statute is nearly identical to its federal counterpart, 11 U.S.C. § 522(d)(10)(E). The trustee further observes that the Supreme Court has interpreted the federal exemption to apply only where three requirements are met:

> (1) The right to receive payment must be from "a stock bonus, pension, profitsharing, annuity, or similar plan or contract"; (2) the right to receive payment must be "on account of illness, disability, death, age, or length of service"; and (3) even then, the right to receive payment may be exempted only "to the extent" that it is "reasonably necessary [to] support" the accountholder or his dependents.

Rousey v. Jacoway, 544 U.S. 320, 325-26 (2005) (quoting § 522(d)(10)(E)). The trustee asserts that the same three requirements apply to exemptions claimed under § 4422(13)(E), and that none of those requirements are met here.

The debtors concede that the first and third requirements outlined in Rousey also apply to the exemption they claim, and they contend that those conditions are met here. As to the first requirement, the debtors assert that the stock is held in an account that qualifies as a "profit-sharing" plan, the Associate Stock Purchase Plan ("ASPP") described in Walmart's 2024 Associate Benefits Book. See [Dkt. No. 18] (providing a link to the "Benefits Book"). However, the debtors insist that, for purposes of § 4422(13)(E), the second condition delineated in Rousey does not apply to a right to receive a payment from a "profit-sharing" plan. This argument hinges on a comma that isn't there. Specifically, the debtors aver that a right to receive payment from a "profit-sharing" plan need not be "on account of" illness, disability, death, age, or length of service in order to be exempt under § 4422(13)(E) because that statute contains no comma between the word "annuity" and the phrase "or similar plan or contract" unlike the formulation found in the analogous federal exemption, § 522(d)(10)(E). The debtors concede that their view of the statute is awkward. They concede that the legislature may have intended to include the missing comma such that the "on account of" modifier would apply to all of the specified plans and contracts. They also concede that if the "on account of" modifier applies to a payment from a "profit-sharing" plan, then the shares held in the ASPP would not qualify for the exemption. Finally, turning to the third requirement, the debtors assert that they have historically

- 2 -

sold the shares held in the ASPP and used the income generated thereby to meet their ordinary and necessary living expenses.

The debtors' claimed exemption is presumptively valid.  See 11 U.S.C. § 522(l).  But the trustee's objection overcomes that presumptive validity.  To the extent the trustee bears the burden in this context, he has met it.  See Fed. R. Bankr. P. 4003(c).  The trustee's objection raises issues capable of resolution without an evidentiary hearing.  This contested matter turns not on the factual question of whether the value of the stock held by Mr. Marr on the petition date was reasonably necessary for his support.  That factual issue need not be resolved because the exemption fails as a matter of law.  The trustee's objection is sustained because – based solely on the description of the ASPP in the Benefits Book and the language of the applicable statute – the Court concludes that the stock does not qualify for the claimed exemption.

The ASPP does not qualify as a "profit-sharing" plan within the meaning of § 4422(13)(E).  That statute, like its federal analogue, does not define the term "profit-sharing."  Accordingly, the ordinary meaning of the term controls.  Rousey, 544 U.S. at 330.  A "profit-sharing" plan "is '[a] system by which employees receive a share of the profits of a business enterprise.'"  Id. (quoting the American Heritage Dictionary of the English Language 1045 (1981)).  Like the other types of plans and contracts enumerated in § 4422(13)(E) – i.e., stock bonus, pension, and annuity – and the other payments identified in subparagraphs (A)-(D) of that same statute – a "profit-sharing" plan "provide[s] income that substitutes for wages earned as salary or hourly compensation"  See Rousey, 544 U.S. at 331 (construing § 522(d)(10)(E) in light of § 522(d)(10)(A)-(D), which is substantially similar to § 4422(13)(A)-(D)).  Courts have accordingly held that "§ 4422(13)(E) is limited to protecting payments and accounts from plans and contracts which are income substitutions."  See, e.g., In re Voisine, No. 19-20005, 2019 WL

2153337, at *3 (Bankr. D. Me. May 15, 2019) (concluding that a health savings account is not exempt under § 4422(13)(E)).  The Walmart stock at issue here is not exempt under § 4422(13)(E) because it is not held in an account that functions as a substitute for income.  Instead, Mr. Marr apparently used a portion of his income to buy stock through the ASPP.  *See* [Dkt. No. 1, Schedule I] (disclosing that Mr. Marr deducts approximately $500 per month from his Walmart payroll to purchase stock).  According to the Benefits Book, the ASPP permits eligible Walmart associates to buy Walmart stock through payroll deductions and includes a 15% employer match up to $1,800 per year.  *See* [Dkt. No. 18] (referencing the Benefits Book).  These features do not render the ASPP a profit-sharing plan within the meaning of § 4422(13)(E).  There is no suggestion that the amount of stock acquired by Mr. Marr is connected, in any way, to Walmart's profitability during any particular period.  Based on the description in the Benefit Book, the Court concludes that the ASPP is an investment account offered as an employee perk.  As such, the Walmart stock held in the ASPP is not exempt under § 4422(13)(E).  *Cf.* In re Davis, No. 07-21278, 2009 WL 982141, at *3 (Bankr. D. Kan. Mar. 23, 2009) (concluding that "general investment accounts are not encompassed by § 522(d)(10)(E)").

Even if the ASPP qualified as a "profit-sharing" plan, the debtors would not be able to exempt the stock because participation in the ASPP is not "on account of illness, disability, death, age or length of service[.]"  *See* 14 M.R.S. § 4422(13)(E).  This requirement applies to each of the plans and contracts set forth in subparagraph (E) even though there is no serial comma separating those plans and contracts.  That omission is for good reason.  "Maine statutes invariably omit the serial comma from lists" because "the Maine Legislative Drafting Manual expressly instructs" the Legislature not to use a comma "between the penultimate and the last item of a series."  *See* O'Connor v. Oakhurst Dairy, 851 F.3d 69, 73 (1st Cir. 2017) (referencing

the Maine Legislative Drafting Manual in the construction of a Maine statute).  In light of this drafting convention and given the strong similarities between the federal and state exemption schemes, the Court infers that the Maine Legislature did not intend the missing comma to provide an exemption for payments from a plan or contract that are *not* "on account of" (1) illness (2) disability (3) death (4) age or (5) length of service.  And, here, the debtors concede that Mr. Marr's participation in the ASPP is not "on account of" any of these five conditions.

      The claimed exemption is accordingly denied.  The trustee's objection is hereby SUSTAINED.

Dated: September 10, 2024

                                            Michael A. Fagone
                                            United States Bankruptcy Judge
                                            District of Maine